**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

STEVEN J. LAUNER,
               Appellant,

      v.

DEPARTMENT OF THE AIR FORCE,
               Agency.

DOCKET NUMBER
DE-3330-14-0125-I-1

DATE: August 25, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Steven J. Launer</u>, Cheyenne, Wyoming, pro se.

<u>Basil R. Legg, Jr.</u>, Joint Base Andrews, Maryland, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant filed an appeal with the Board alleging that the agency violated his veterans' preference rights when it did not select him for the position of Motor Vehicle Operator, WG-08, under vacancy announcement number 4Z-AFPC-970447-947974-SWW. Initial Appeal File (IAF), Tab 1. After finding that the appellant had established jurisdiction and timely filed his appeal, the administrative judge ordered the parties to show cause why the Board should not decide the appeal on the written record.[2] IAF, Tab 12. After considering the appellant's response, IAF, Tab 13, the administrative judge denied the appellant's request for corrective action because the record showed that the agency accepted applications for the position from individuals outside its own workforce under merit promotion procedures and the agency had allowed the appellant to compete for the position, IAF, Tab 14, Initial Decision (ID) at 5-6. The administrative judge also found unpersuasive the appellant's argument that the agency was

---

[2] The Board may decide an appeal under VEOA on the written record without holding a hearing when, like here, there is no genuine dispute of a material fact. *See Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶ 8 (2007).

required to rate and rank outside applicants if it made a selection for the position from among that group. ID at 7-9.

¶3        In his timely-filed petition for review, the appellant reiterates his argument that if the agency chooses to make a selection that does not meet the criteria of a merit promotion, i.e., a promotion, demotion, transfer, or reinstatement, then it must revert to filling the position as a competitive status selection and to apply veterans' preference regulations in doing so. Petition for Review (PFR) File, Tab 1 at 1-2. The appellant further asserts that, if two or more of the applicants for a position are Veterans Recruitment Appointment (VRA)[3] eligible, and at least one of those applicants is preference eligible, then application of veterans' preference is mandatory. *Id.* at 3. The agency did not respond.

¶4        When an agency accepts applications from individuals outside its own workforce under merit promotion procedures, it must allow "preference eligibles and veterans who have been separated from the armed forces under honorable conditions after 3 years or more of active service" the opportunity to compete. 5 U.S.C. § 3304(f)(1). As the administrative judge correctly found, the agency accepted applications from outside its workforce under merit promotion procedures. ID at 5; *see* IAF, Tab 5 at 43-44; *see also Washburn v. Department of the Air Force*, 119 M.S.P.R. 265, ¶¶ 2-5 (2013). The record reflects that the agency found the appellant qualified, referred him on the certificate of eligibles, but did not select him for the position in question. IAF, Tab 5 at 7, 23, 25-27. Thus, as the administrative judge correctly found, the record reflects that the agency allowed the appellant to compete for the position on the same basis as all the other candidates. ID at 6 (citing *Harellson v. U.S. Postal Service*, 113 M.S.P.R. 534, ¶ 11 (2010)). The statute, 5 U.S.C. § 3304(f)(1), requires

---

[3] We also note that, although the vacancy announcement indicated that VRA eligible individuals may apply for the position in question, IAF, Tab 5 at 43, there is no evidence that the agency used this alternative selection process to fill the position, *see* 5 C.F.R. part 307.

nothing more. *See, e.g.*, *Miller v. Federal Deposit Insurance Corporation*, 121 M.S.P.R. 88, ¶ 11 (2014) (in a right to compete VEOA appeal under 5 U.S.C. § 3304(f)(1), the Board does not determine whether a preference eligible is qualified for a particular position of federal employment or whether he should have been selected for the position in question, but rather only assesses whether the preference eligible was permitted to compete for the position on the same basis as other candidates). Additionally, the appellant offers no authority for his argument that veterans' preference should apply under these circumstances. PFR File, Tab 1 at 3. Moreover, he concedes as much in his petition for review when he calls "for new case law to be decided to correct this" interpretation of the relevant statutory and regulatory provisions. *Id.* at 1.

¶5      Ultimately, the appellant's arguments fail because the agency filled the vacancy using a merit promotion process and the appellant was allowed to compete for the vacancy, but he was not entitled to veterans' preference in the selection process. *See, e.g.*, *Graf v. Department of Labor*, 111 M.S.P.R. 444, ¶ 5 n.1 (2009) (an employee is not entitled to veterans' preference in the merit promotion process). We therefore affirm the administrative judge's finding that the agency did not violate the appellant's veterans' preference rights.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec.

27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:  _____
William D. Spencer
Clerk of the Board

Washington, D.C.